IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KENNETH RAINWATER, | : | |
| Plaintiff, | : | |
| v. | : | NO. 5:12-cv-337 (MTT) |
| CAROLYN W. COLVIN, | : | SOCIAL SECURITY APPEAL |
| Defendant. | : | |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Kenneth Rainwater's claim for a period of disability insurance benefits under the Social Security Act. In support of his request for remand, Plaintiff argues that the Administrative Law Judge (ALJ) failed to weigh all of the relevant evidence, explain her findings, and develop the record. Specifically, Plaintiff contends that the ALJ erred by (1) failing to properly evaluate the Department of Veteran's Affairs disability and unemployability ratings, (2) failing to evaluate Plaintiff's treating psychiatrist's findings, (3) failing to analyze the opinion evidence properly, and (4) failing to develop the record. Because the ALJ did not adequately evaluate the Department of Veteran's Affairs disability ratings and Plaintiff's treating psychiatrist's findings, it is **RECOMMENDED** that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings.

## BACKGROUND

At the time of the hearing before the ALJ, Plaintiff was forty-three years old and suffered from diabetes and mental health problems. AR 12, 28 (Doc. 9-2). Plaintiff completed high school and served approximately one year in the military. Id. at 29, 35. Plaintiff previously worked as a

1

dining room attendant, kitchen helper, and bagger. Id. at 58-59. Plaintiff alleges disability beginning March 5, 2000. Id. at 10. Because Plaintiff's date last insured is December 31, 2005, the relevant time period to determine Plaintiff's disability is between March 5, 2000 and December 31, 2005. Id.

On March 16, 2009, Plaintiff filed an application for disability insurance benefits. Id. Plaintiff's application was denied initially and upon reconsideration. Id. Following a hearing before the ALJ, a written decision finding Plaintiff not disabled was issued. Id. at 17. The Appeals Council declined to review the decision. Id. at 1. Thereafter, on August 17, 2012, Plaintiff filed the instant appeal. Doc. 1.

## STANDARD OF REVIEW

District courts have a limited role in reviewing claims brought pursuant to the Social Security Act. Review of the Commissioner's decision is restricted to a determination of whether the decision is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996, 1000 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Consequently, a court's role in reviewing claims brought under the Social Security Act is quite narrow.

District courts must defer to the Commissioner's factual findings. Courts may not decide facts, re-weigh evidence, nor substitute their judgment for that of the Commissioner. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the

evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986). Courts must scrutinize the entire administrative record to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if it is supported by substantial evidence. Id.

The Commissioner's findings of law are given less deference. Courts must determine if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). Courts must therefore consider any questions of law *de novo*, and "no…presumption of validity attaches to the [Commissioner's] conclusions of law, including determinations of the proper standards to be applied in reviewing claims." Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). The Commissioner's failure to apply the correct legal standards or to provide a sufficient factual basis for the court to determine that the correct legal standards have been followed is grounds for reversal. Id.

EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity due to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of a least twelve months. 42 U.S.C. § 423(d)(1)(A).

When analyzing the issue of disability, the Commissioner must follow a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether or not the claimant is currently engaged in substantial gainful activity. Second, upon a finding that the claimant is not working, the Commissioner determines whether the claimant has any impairment that prevents the performance of basic work activities. Next, if the existence of

such impairments has been found, the Commissioner determines whether the impairment(s) meets or medically equals the severity of one or more of the specified impairments listed in Appendix 1 of Part 404 of the regulations. If the claimant's impairments do not meet or medically equal a listed impairment, the Commissioner must proceed to evaluate the claimant's residual functional capacity (RFC) for work. Fourth, using the claimant's RFC, the Commissioner determines whether the claimant is able to perform the physical and mental demands of his past work despite the impairments. Finally, and only when it has been determined that the claimant is unable to perform his past work, the Commissioner must determine whether there are sufficient numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and past work experience.

## DISCUSSION

The Commissioner's decision must be reversed and remanded because the ALJ did not adequately evaluate the Department of Veteran's Affairs disability and unemployability rating (VA rating) and the medical opinion of Plaintiff's treating psychologist, Dr. Nichols. The ALJ failed to provide adequate explanation for giving the VA rating less than substantial weight, and the ALJ failed to specify the weight given to Dr. Nichols' medical opinion. Accordingly, the case should be reversed and remanded in order to allow the ALJ to articulate her reasons for discounting the VA rating and to further evaluate Dr. Nichols' opinion.

### The ALJ's Findings

At step one of the sequential evaluation process, the ALJ concluded that Plaintiff did not engage in substantial gainful activity from his alleged onset date of March 5, 2000 through his date last insured of December 31, 2005. AR 12 (Doc. 9-2). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of insulin dependent diabetes and "a mental

4

disorder variously diagnosed as anxiety, depression, paranoid delusional disorder, schizoaffective disorder, obsessive compulsive disorder, and schizotypal personality disorder." Id. At step three, however, the ALJ found that Plaintiff's impairments did not, alone or in combination, meet or medically equal any of the impairments listed in Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). Id. Consequently, but before moving to step four, the ALJ proceeded to consider Plaintiff's residual functional capacity, or RFC.

The ALJ found that Plaintiff had the residual capacity to perform light work with the following limitations: Plaintiff should never climb ladders, ropes, or scaffolds; can understand, remember and follow simple instructions and sustain concentration, persistence, and pace for simple rote tasks; is able to interact with co-workers and supervisors in low-demand settings; would work better with objects than people; and, should have no more than incidental contact with the general public. Id. at 14.

At step four, the ALJ found that Plaintiff could not perform any past relevant work. Id. at 16. At step five, however, the ALJ determined that Plaintiff was not disabled because, through Plaintiff's date last insured, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed based on his age, education, work experience, and RFC. Id.

**The VA Rating**

Prior to his application for Social Security benefits in this case, Plaintiff had received full disability benefits from the Department of Veterans Affairs in 2001, based on his individual unemployability and an 80% rating. AR 675-79 (Doc. 9-10). The VA determined that Plaintiff was entitled to individual unemployability compensation due to social isolation based on the

findings of Plaintiff's treating psychologist, Dr. Nichols. Id. at 679. The report noted Dr. Nichols' findings, Plaintiff's worsening mental condition, and Plaintiff's inability to sustain even part-time employment due to emotional instability. Id. at 677-79. Although the report stated that Plaintiff's condition could improve and recommended that Plaintiff be reexamined in the future, there is no evidence in the record showing that the VA issued a subsequent decision.

In denying Plaintiff's claim for disability benefits, the ALJ failed to provide an adequate explanation of her reasons for discounting the VA rating. Although the ALJ acknowledged the VA rating, the only reason provided by the ALJ for discounting the opinion was that the decision was not binding on the Commissioner. Because the ALJ merely provided a perfunctory rejection of the VA rating and failed to give the VA rating substantial weight or adequately explain why the VA rating was given less than substantial weight, the Court cannot conclude that the ALJ's decision is supported by substantial evidence.

The decision of another governmental agency regarding a plaintiff's disability is not binding on the Commissioner. See 20 C.F.R. § 404.1504. Because other governmental agencies apply different standards, the Commissioner must make a disability determination based on the standards set forth in the Social Security Act. SSR 06-03. Although the decision of another agency is not binding on the Commissioner, the Eleventh Circuit has held that an award of disability benefits from the Department of Veteran's Affairs should be given great weight. Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984). If an ALJ rejects a VA disability rating or gives a VA rating less than considerable weight, she must provide sufficient justification for doing so. Hogard v. Sullivan, 733 F.Supp. 1465, 1468 (M.D.Fla. 1990); see also Kemp v. Astrue, 308 Fed. Appx. 423, 426 (11th Cir. 2009); Pearson v. Astrue, 271 Fed.Appx. 979, 981 (11th Cir. 2008). A

mere statement that the two agencies impose different standards, without more, may not sufficiently justify the rejection of a VA rating. Hogard, 7333 F.Supp. at 1468.

Relying upon Kemp, Defendant contends that the ALJ sufficiently accounted for the VA rating by implicitly addressing the VA rating. In Kemp, the court determined that an ALJ may implicitly address a VA rating by "rel[ying] on the VA records and referencing the disability ratings, in addition to the relevant evidence, throughout his decision." Kemp, 308 Fed. Appx. at 426. Because the ALJ in Kemp continuously referred to the VA rating throughout the decision and gave specific reasons that the VA rating did not support a finding of a severe impairment under Social Security standards, the court determined that the ALJ sufficiently accounted for the VA rating. Id. The instant case is distinguishable because the ALJ here did not continuously refer to the VA rating throughout her decision or provide any specific detail regarding her consideration of the VA rating. Because the ALJ merely stated that the VA rating was not binding due to the different standards, the Court cannot determine that the ALJ gave sufficient consideration to the VA rating. Moreover, the ALJ's statement regarding the VA rating suggests that she did not give the rating considerable weight.

Defendant's reliance on Pearson is also misplaced. In Pearson, the court determined that the record established that the ALJ considered the VA rating and sufficiently explained that that the plaintiff failed to satisfy the more stringent social security standard. Pearson, 271 Fed. Appx. at 981. Although the ALJ here stated that the two standards were different, the ALJ failed to explain how Plaintiff failed to satisfy the more stringent social security standard despite the VA rating. Moreover, the ALJ in Pearson gave the VA rating great weight but determined that, although the plaintiff was disabled, alcohol abuse was a material contributing factor to his

disability. Id. Because the ALJ here failed to adequately evaluate Plaintiff's VA rating, the Court cannot conclude that the ALJ's decision is supported by substantial evidence.

### The Treating Psychiatrist's Opinion

The ALJ also failed to provide an adequate evaluation of the opinion of Plaintiff's treating psychiatrist, Dr. Nichols. Although the ALJ appeared to address some of Dr. Nichols' findings,[1] the ALJ failed to state how much weight she afforded his findings or to explain why she gave his findings less than considerable weight. Because the ALJ failed to give an explanation of the weight afforded to Dr. Nichols' opinion, the Court cannot determine that the ALJ's decision is supported by substantial evidence.

In determining whether a claimant is disabled, the ALJ must evaluate every medical opinion in the record and weigh each opinion. 20 C.F.R. § 404.1527(b)-(c). The ALJ must state with particularity the weight given to the different medical opinions and the reasons for the assigned weight. Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004). Absent "good cause" to the contrary, the ALJ shall give the medical opinions of treating physicians "substantial or considerable weight." Lewis v. Callahan, 125 F.3d 1463, 1440 (11th Cir. 1997). An ALJ may disregard a treating physician's opinion by showing good cause, but the ALJ must clearly articulate her reasons for doing so. Phillips, 357 F. 3d at 1240-41. Without an adequate explanation by the ALJ, it is impossible for a reviewing court to determine whether the Commissioner's decision is rational and supported by substantial evidence. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). Accordingly, absent a clear articulation of the grounds for the decision to discount a treating physician's opinion, a reviewing court must decline to affirm the Commissioner's decision even if some rationale might have supported the ALJ's conclusions. Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984).

---

[1] The ALJ did not acknowledge Dr. Nichols by name or that Plaintiff had a treating psychologist.

In this case, although the ALJ referenced some of Dr. Nichols' findings, she failed to state with particularity the weight given to Dr. Nichols' opinion or articulate her reasons for disregarding portions of Dr. Nichols' opinion. Dr. Nichols began treating Plaintiff in 2000. AR 494 (Doc. 9-9). Dr. Nichols diagnosed Plaintiff with schizotypal personality and obsessive compulsive personality. Id. at 495. Dr. Nichols noted that Plaintiff's condition appeared to improve with medication in May 2000, but Dr. Nichols found that Plaintiff was emotionally unstable in October 2000 and that Plaintiff continued to evidence tendencies for obsessive compulsive ruminations in February 2002. Id. at 495, 432, 418. Dr. Nichols concluded that Plaintiff was unemployable from an emotional perspective. Id. at 432. "A doctor's opinion on dispositive issues reserved for the Commissioner, such as whether the [plaintiff] is disabled or unable to work, is excluded from the definition of a medical opinion and is not entitled to special weight, even if it is offered by a treating physician, but the ALJ should still consider the opinion." Lawton v. Commissioner of Social Security, 431 Fed. Appx. 830, 834 (11th Cir. 2011).

Additionally, the ALJ appeared to discount Dr. Nichols' findings and the testimony of Plaintiff's wife based on Plaintiff's ability to return to work part-time washing dishes at a local school. Plaintiff was forced to leave the job in 2000, however, because he was emotionally unstable. AR 432 (Doc. 9-9). The majority of Dr. Nichols' eight-year treatment and findings regarding Plaintiff's mental impairments occurred after Plaintiff was unable to maintain the part-time job cited by the ALJ. Because the ALJ failed to properly evaluate Dr. Nichols' medical opinion, the Court cannot determine if the ALJ's decision is supported by substantial evidence.

### The Analysis of the Opinion Evidence

Plaintiff contends that the ALJ also inadequately analyzed the other opinion evidence. As discussed above, the ALJ did not properly analyze Dr. Nichols' opinion evidence. The ALJ did,

however, note the residual functional capacity assessment and psychiatric review assessment completed by the State agency medical consultants and stated that she gave the statements little weight. The ALJ stated that she gave the statements little weight because the evidence suggested that Plaintiff's diabetes and mental impairments were severe, despite the consultants finding otherwise. Because the ALJ acknowledged the assessments and specifically stated the weight given to the assessments and the reasons therefore, the ALJ did not err in evaluating those opinions. As discussed above, however, the ALJ must further explain her findings by sufficiently evaluating Dr. Nichols' opinion and the VA rating upon remand.

**Fully Developed Record**

Additionally, Plaintiff contends that the ALJ did not fully develop the record and should have ordered a consultative examination regarding Plaintiff's mental limitations. An ALJ has a duty to develop a fair and full record. Todd v. Heckler, 736 F.2d 641, 641 (11th Cir. 1984). An ALJ should order a consultative examination when one is necessary to make an informed decision. Reeves v. Heckler, 734 F.2d 519, 522 (11th Cir. 1984). Upon review of the record and in light of the ALJ's sparse explanation of her findings, the Court cannot conclude that a consultative examination was necessary. As Defendant notes, the record contains extensive treatment notes from Dr. Nichols. The ALJ, however, failed to evaluate that evidence as required. Without proper evaluation of the evidence in the record, the Court is unable to conclude that further development of the record is necessary. Accordingly, on remand the Commissioner may consider ordering an additional consultative examination upon remand. If the Commissioner determines that no additional consultative examination is necessary, she must support her findings with sufficient evaluation of the evidence currently in the record.

## CONCLUSION

Because the ALJ failed to adequately evaluate the VA rating and the medical opinion of Plaintiff's treating psychologist, the Court cannot conclude that the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence. Accordingly, it is hereby **RECOMMENDED** that the Commissioner's decision be **REVERESED and REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405(g) for further administrative action. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 2nd day of August, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
